UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

JANE SAMMARCO, in her individual capacity
and as owner of BAC, et al Stock Purchase
Agreement and J.S.A.K. Irrevocable Trust and
RON REALE, doing business as Power of
Attorney Advocates,

                Plaintiffs,

      -against-

BIG APPLE CAR, INC., ET AL.,

                Defendants.

-------------------------------------------------------------- X

**DECISION AND ORDER**

08 Civ. 4099 (BMC)(LB)

**COGAN**, District Judge.

    This RICO case is before me on defendants' motions to dismiss on various grounds [12, 21] and plaintiffs' "motion to strike" [25]. Familiarity with the allegations in the complaint is assumed, but they can be summarized easily despite the prolixity of the complaint: plaintiffs claim that their predecessor in interest had his company stolen from him. Defendants allegedly did this by destroying the company's records, creating new records which showed them owning approximately 74%, and then forced plaintiffs' predecessor to sell his approximately 26% to them by threatening him with death. Additionally, defendants then allegedly refused to pay plaintiffs' predecessor the contract price for the 26%.

    The Court makes the following rulings with respect to the motions. In reviewing the motions, the Court has considered the documents submitted by the parties, to the extent they are not attached to the complaint or incorporated by reference in it, solely with respect to the

standing, statute of limitations, and sanctions issues, not with regard to the assertion that plaintiffs have failed to state a claim.

1. The claims of plaintiffs Ron Reale d/b/a Power of Attorney Advocates ("PAA"), and as Administrator of J.S.A.K. Administrative Trust (the "Trust") are dismissed with prejudice for lack of standing on two grounds. First, the Trust Agreement is clear: 100% of Kufeld's interest in these claims is transferred to plaintiff Sammarco, as trustee for herself and her daughter. Neither the limited agency under the Trust Agreement granted to PAA to hold the payment schedules, nor the alleged right to be paid by the Trust for its recoveries, constitutes an enforceable interest in the trust corpus. Second, the undisputed documentary evidence shows that PAA is a d/b/a of E&S Consulting Emporium, Inc. ("E&S"), not plaintiff Reale. Thus, even if PAA had an interest in the trust corpus, which it does not, the owner of that interest would be E&S, which has not appeared as a plaintiff. (The Court also notes that the alleged but undocumented conveyance of a 15% interest in the recoveries from this action to PAA for the sole purpose of allowing PAA to sue, if true, would likely be champertous and unenforceable. See Elliott Associates, L.P. v. Banco de la Nacion, 194 F.3d 363 (2d Cir. 1999).)

2. The RICO claim is dismissed as barred by the four-year statute of limitations. See Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 156 (1987). The forced conversion is alleged to have occurred pursuant to the agreements executed under duress in 1996. That is when plaintiffs' predecessor had most of his interest in the company converted and therefore when any RICO claims accrued. See Rotella v. Wood, 528 U.S. 549, 553-54 (2000). Even if the allegedly compelled false testimony and the conveyance of the radio stations by a forged document are viewed as part of the RICO conspiracy – despite the complaint's failure to relate those actions to the original theft of the car and real estate business in 1996 – either

plaintiffs' own allegations or the undisputed documentary evidence shows that those also occurred more than four years prior to the commencement of this action.

3. Since the RICO claim is time-barred, the Court need not determine whether it fails to state a claim.

4. Plaintiffs asserted in opposing these motions that they would be filing an amended complaint to address defendants' arguments that plaintiffs failed to state a RICO claim. However, no such amended complaint has been filed. In any event, amendment in an effort to state a claim would be futile in light of the lack of standing and statute of limitations issues set forth above.

5. The contract claims are dismissed as defendants are not parties to the contracts and the complaint contains no allegations that would make these non-parties liable for the obligations of the contracting party.

6. The fraud claim is dismissed pursuant to Rules 9(b) and 12(b)(6) as none of the elements of a fraud claim are adequately alleged. This is actually a conversion claim, although mislabeled a fraud claim, and as such, would be time-barred if properly pled.

7. Defendant BCAC's motion is granted for the additional reason that the complaint contains no allegations of any wrongdoing by it.

8. Although the dismissal of the contract and fraud claims is without prejudice to plaintiff Sammarco's repleading of those claims, if she is so inclined, to cure the pleading deficiencies, the Court declines to exercise supplemental jurisdiction over such claims as the basis for asserting federal jurisdiction has been eliminated at an early stage of the case. The contract and fraud claims are state law claims and neither judicial economy, convenience, fairness or comity

weighs in favor of retaining them. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988).

9. Although a review of all of the documents submitted shows that RICO and fraud claims, at the very least, are frivolous, the Court declines to award sanctions in the exercise of discretion, as the satellite litigation that would ensue to determine and collect such sanctions would likely consume more resources than has the resolution of these motions. The Court denies defendants' request to refer this case to the Kings County District Attorney or the United States Attorney for this district as defendants can make such references or file criminal complaints themselves if they are so inclined.

10. Plaintiffs' "motion to strike" is denied as it seeks no relief other than denial of defendants' motions and in any event is rendered moot by the rulings set forth above.

## CONCLUSION

The motions to dismiss are granted and the complaint is dismissed for the reasons set forth above. The motion to strike is denied.

**SO ORDERED.**

/S/ Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
December 4, 2008